1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

10 CHARLESTON AND JONES LLC, *et al*.,

11    Plaintiffs,

12 v.

13 UPONOR, INC., *et al*.,

14    Defendants.

Case No. 2:11-CV-1637-KJD-GWF

**ORDER**

15

16    Before the Court is Defendant Vanguard Piping System Inc.'s ("Vanguard") Joint Motion to

17 Sever Claims Against Different Products (#32) which Defendant Uponor, Inc. ("Uponor") Joined

18 (#36). Plaintiffs Charleston and Jones LLC *et al.* ("Charleston") responded (#35) to which Defendant

19 replied (#37). Defendant subsequently supplemented the Motion (#53), as did Plaintiff (#55).

20 <u>I. Background</u>

21    This class action products liability case arises out of damage to apartment complexes,

22 commercial buildings, etc. which Defendants allegedly caused by designing, manufacturing, and

23 installing defective "yellow brass" plumbing fittings. While Plaintiff skirts the question of whether

24 Defendants' fittings are metallurgically identical (Defendant claims that they are not), Plaintiff makes

25 no argument that the fittings are identical in design (while Defendant avers that they are different).

26

1   Further, Plaintiff acknowledges that each Defendant sold its products to distinct purchasers, isolating

2   alleged liability to one–but never both–of the Defendants for any given subset of plaintiffs.

3   II. Discussion

4          As summarized by the Ninth Circuit, unless a plaintiff can satisfy the requirements for

5   joinder, Courts have discretion to sever parties unless a "substantial right will be prejudiced by the

6   severance." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing Fed. R. Civ. P. 21). The

7   requirements for joinder are: "(1) the right to relief asserted by each plaintiff must arise out of or

8   relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a

9   question of law or fact common to all parties must arise in the action." Id. citing Fed. R. Civ. P. 20.

10         Because the design, manufacture, sale, and installation of Defendants' fittings are entirely

11  discrete from one another, the right to relief cannot arise from the same transaction or occurrence.

12  However, even if the right did arise from the same transaction or occurrence, it is unclear that the

13  questions of law and fact would be sufficiently "common". As the Supreme Court noted in a related

14  context "[w]hat matters . . . is not the raising of common questions'—even in droves—but, rather the

15  capacity of a . . . proceeding to generate common *answers* apt to drive the resolution of the litigation.

16  Dissimilarities . . . are what have the potential to impede the generation of common answers." Wal-

17  Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (quotation omitted, emphasis in original).

18  This litigation promises to turn on detailed and intensive factual inquiries, where the dissimilarities

19  between the Defendants' fittings suggest that joinder will impede rather than promote resolution of

20  the litigation. Lastly, Plaintiff does not allege, and this Court does not find any substantial right that

21  would be prejudiced by severance.

22  III. Conclusion

23         **IT IS HEREBY ORDERED THAT** Defendants' Motion to Sever Claims (#32) is

24  **GRANTED**. Accordingly, the claims against Vanguard Piping Systems, Viega, LLC, Viega, Inc.,

25  and Viega NA are severed from the remaining claims.

26

1      **IT IS FURTHER ORDERED** that the new and separate action against Vanguard Piping

2   Systems, Viega, LLC, Viega Inc., and Viega NA be filed within fourteen (14) days of the entry of

3   this Order.

4      **IT IS FURTHER ORDERED** that this new action be assigned a new case number and

5   proceed separately before this Court.

6

7      DATED this 22nd day of May 2013.

8

9

10                           _____

11                           Kent J. Dawson
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26