# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CHARLESTON AND JONES, LLC, *et al.*,

Plaintiffs,

v.

UPONOR, INC, *et al.*,

Defendants.

Case No. 2:11-CV-1637-KJD-GWF

**ORDER**

Before the Court is Plaintiffs' (Charleston and Jones, LLC, *et al.*) Response (#67) to the Court's Order to Show Cause (#66). However, Plaintiffs not only respond to the Order to Show Cause, but also include in their response what can only be construed as a motion for relief under Federal Rule of Civil Procedure 60(b) based on excusable neglect (#67 at 5). While this motion should have been filed separately (see Special Order #109 III(F)(4)) the Court will consider it here in the interest of judicial economy.

I. Background

This matter was brought before the Court in October of 2011. The Court issued a stay in February of 2012 "pending the opinion and mandate in Ninth Circuit Case No. 10-15439" (#57). The Court became aware in May of 2014 that the opinion and mandate in that case had issued in April and May of 2012, respectively. Further, in the intervening two years, no substantive filings were made. Accordingly, the Court ordered Plaintiffs to show cause why this matter should not be dismissed with prejudice (#66).

///

II. Dismissal

    A. Legal Standard

    The Court acknowledges that dismissal is a harsh remedy, to be imposed only in extreme circumstances. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In determining whether a case should be dismissed, the Ninth Circuit requires courts to consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In reviewing dismissal, the Ninth Circuit will also consider a "lack of warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

    B. Analysis

    Turning to the first factor, the stay in this matter expired more than two years ago, and no substantive action has been taken by either party during that period. There is no indication that this complete lack of action would have changed in the foreseeable future but for the Court's order to show cause. Further, Plaintiffs claim that the property which forms the basis of this dispute has been sold, and it remains unknown whether the current owner wishes to proceed with the litigation or not (#67 at 6, 9). To sum up, as this case nears its third year, virtually nothing has been accomplished—including discovery—and it is entirely unclear whether any dispute remains given the change in property ownership. The expeditious resolution of this matter strongly favors dismissal.

    Turning to the second factor, Plaintiffs' case has been pending without substantive action nearly from its inception. Further, Plaintiffs claim that their failure to alert the Court of the stay's expiration is because they are awaiting decision on yet another matter in yet another case. However, it is not the parties but the Court who determines whether there are grounds to further stay this matter. This factor strongly favors dismissal.

Turning to the third factor, it is unclear whether Plaintiffs' delay has caused any prejudice to Defendants. This is particularly the case where Defendants have similarly failed to notify the Court of the expiration of the stay. This factor weighs neither for nor against dismissal.

Turning to the fourth factor, the Court acknowledges and espouses the strong policy favoring disposing of cases on their merits. This factor disfavors dismissal with prejudice, but is inapplicable to any lesser sanction.

Turning to the fifth factor, there are less drastic sanctions available. While not entirely serving the public's interest in expeditious resolution of this litigation, dismissal without prejudice fully satisfies the other four factors.

Lastly, the Court provided ample warning of imminent dismissal of the case.

Accordingly, this matter is **HEREBY DISMISSED** without prejudice.

III. Motion for Relief based on Excusable Neglect

A. Legal Standard

Federal Rule of Civil Procedure 60(b) provides in relevant part "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." In determining whether the relevant failure was due to excusable neglect, the Court looks to four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997)).

B. Analysis

Turning to the first factor, as noted above, it is unclear that there is any danger of prejudice to the opposing party. Accordingly, this factor does not disfavor relief.

Turning to the second factor, the delay has been more than two years at this juncture; a

3

delay broken only by this Court's order to show cause. The impacts from this delay are unclear given that this matter has lain dormant for this extended period. However, given the extended period of the delay, this factor weighs against relief.

Turning to the third factor, Plaintiffs claim that the delay was because they wanted to wait for the outcome of another issue in yet another case. Whether *this* case should be stayed to await the outcome of that other case is a question to be put before this Court. In failing to do so, Plaintiffs impermissibly usurped the proper role of the Court in managing its docket and ensuring the timely resolution of this matter. It is Plaintiffs' impermissible usurpation that is the direct cause of the delay in this matter. Accordingly, this factor weighs strongly against relief.

Turning to the fourth factor, while the Court cannot say that Plaintiffs' inaction is necessarily the result of bad faith, it is certainly not the result of good faith. This factor at minimum does not weigh in favor of relief.

Accordingly, the Motion for Relief (#67) is **HEREBY DENIED**.

IV. Conclusion

In accordance with the above analysis, this matter is **HEREBY DISMISSED** without prejudice and the Motion for Relief (#67) is **HEREBY DENIED**.

DATED this 16th day of June 2014.

_____
Kent J. Dawson
United States District Judge